IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BETTIE PHILLIPS JACKSON et al.                                          PLAINTIFFS

vs.                                  Civil No. 4:13-cv-04120

JLS TRUCKING, INC. et al.                                               DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Freedom Trucking USA, LLC and JLS Trucking, Inc.'s Motion to Dismiss Claims for Gross Negligence/Punitive Damages and Direct Liability. ECF No. 22. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation.

With their Motion, Defendants claim Plaintiffs' allegations of gross negligence and direct liability should be dismissed in accordance with the requirements of *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007) and Rule 8 of the Federal Rules of Civil Procedure. ECF No. 22. The Court has reviewed Plaintiffs' Second Amended Original Complaint and Jury Demand. ECF No. 20. Upon review of Defendant's Motion and this Complaint, the Court finds Plaintiffs should be granted leave to file a third amended complaint to further detail their factual allegations in support of their claims.

Accordingly, the Court recommends Defendants' Motion to Dismiss (ECF No. 22) be **DENIED** at this time without prejudice, and Plaintiffs be granted leave to file an amended complaint within ten (10) days. If Defendants find Plaintiffs' factual allegations are still not sufficient to support Plaintiffs' causes of action and damage claims, they may re-urge their motion to dismiss

within ten (10) days after Plaintiffs file their third amended complaint.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 28th day of April 2014.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE